UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| QUINABLE, INC., | Case No. 23-cv-12624 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| BLOOMFIELD HILLS SNF, LLC, et al, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (ECF No. 27)**

I.  PROCEDURAL HISTORY

This matter is before the Court on Plaintiff Quinable, Inc.'s ("Quinable") Motion for Default Judgment against all Defendants: Bloomfield Hills SNF, LLC doing business as SKLD Bloomfield Hills ("SKLD Bloomfield Hills") and West Bloomfield SNF, LLC, d/b/a SKLD West Bloomfield ("SKLD West Bloomfield") (collectively "Defendants") (ECF No. 27).  Plaintiff filed a Complaint on October 18, 2023 (ECF No. 1) and allegedly served the Summons and Complaint on West Bloomfield on October 30, 2023, and on Bloomfield Hills on October 24, 2023.  *See* ECF Nos. 4, 5.

Upon the alleged failure of the Defendants to timely file a responsive pleading, Requests for Entry of Default were filed on November 20, 2023 and November 28, 2023. *See* ECF Nos. 6, 8. On November 27, Default was entered by the Clerk of the Court against Bloomfield Hills; on November 28, Default was entered against West Bloomfield. Plaintiff filed a number of requests for Clerk's Entry of Judgment for a sum certain, but was denied for various reasons. *See* ECF Nos. 13-25 (denying because requests included attorneys' fees, the amount requested could not be verified with supporting documentation, and the amounts listed in the request did not equal the amounts listed in the Complaint). Plaintiff now files the instant Motion for Default Judgment to collect the sums due on its contracts with Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

## II.   FACTUAL BACKGROUND

Plaintiff Quinable apparently served Defendants via certified mail. *See* ECF No. 4, 5. The certificates of service show that Defendants were served at the then-current address of their registered agent, Incorp Services, Inc. *Id.* Defendant SKLD Bloomfield Hills is a Michigan Limited Liability Company with its principal place of

business in Bloomfield Hills, Michigan. Defendant SKLD West Bloomfield is a Michigan Limited Liability Company with its principal place of business in West Bloomfield Township, Michigan. Neither Defendant has appeared in the present action.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(h) provides that service upon corporations and unincorporated associations may be effected by any manner prescribed for individuals under Rule 4(e)(1), which in turn allows for service pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(h) & (e). Michigan law allows service upon a corporation by serving a summons and a copy of the complaint on an officer or the resident agent *personally* or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail. *See* Mich. Ct. R. 2.105(D)(1) & (2) (emphasis added). In other words, Mich. Ct. R. 2.105(D)(1) does not permit service by registered or certified mail. *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909, at *3 (E.D. Mich. Jan. 11, 2007); *Capaldi v.*

*Am. Credit & Collections, LLC*, No. 12-10254, 2012 WL 6822038, at *1 (E.D. Mich. Dec. 13, 2012), *report and recommendation adopted*, 2013 WL 118910 (E.D. Mich. Jan. 9, 2013); *Howard v. Seifert J.*, No. 4:23-cv-12549, 2024 U.S. Dist. LEXIS 72861, at *8 (E.D. Mich. Jan. 5, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 72228 (E.D. Mich. April 19, 2024) ("It is well-established that certified mail is not a proper way to serve a corporation in Michigan.") (collecting cases).

## IV. ANALYSIS

This case was filed almost exactly one year ago. Unfortunately, it appears that neither Defendant was properly served. Both Defendants are Michigan corporations but were "served" via certified mail to their registered agent.[1] The Clerk's Entry of Default was in error and must be set aside.

Because service was not timely effected and the time for service has expired, Plaintiffs must now show cause why the case should not be dismissed. *See* Fed. R. Civ. P. 4(m). If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the

---

[1] The court notes that it appears that Defendants' prior registered agent is no longer current. *See* LARA Corporations Online Filing System, https://cofs.lara.state.mi.us/CorpWeb/CorpSearch.

time for service. *Id.*; *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe. *Henderson v. United States*, 517 U.S. 654, 662 (1996); *see also Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (explaining the discretionary factors); *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (explaining the good cause standard).

## V. CONCLUSION

For the reasons set out below, the court **DENIES** the Motion (ECF No. 27), **SETS ASIDE** the Clerk's Entry of Default against all Defendants (ECF Nos. 7, 9), and **ORDERS** that Plaintiff show cause why this case should not be dismissed under Federal Rule of Civil Procedure 4(m) within 14 days of entry of this order.

**SO ORDERED**.

Date: October 18, 2024

s/F. Kay Behm
F. Kay Behm
United States District Judge